**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| LEE PRICE | : | CIVIL ACTION |
|  | : |  |
| v. | : |  |
|  | : |  |
| METLIFE INSURANCE COMPANY | : | NO.: 20-1077 |

### JOINT REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on April 16, 2020 and submit the following report of their meeting for the Court's consideration.

**1.      DISCUSSION OF CLAIMS, DEFENSES AND RELEVANT ISSUES**

#### Facts Submitted Jointly

This action for underinsured motorist benefits stems from an alleged motor vehicle/pedestrian accident between underinsured tortfeasor, Willis Lynch, Jr., and Plaintiff, Lee Price, which occurred on or about June 27, 2017, at or near the intersection of Atlantic and 35th Avenues in Longport, New Jersey. Plaintiff's Complaint alleges that Plaintiff was struck by the underinsured tortfeasor while crossing Atlantic Avenue.

Plaintiff claims to have sustained a facial laceration, a head injury, post-concussion syndrome, and injuries to his neck, back, and right knee.

At this juncture, Defendant contests liability and must conduct discovery on issues relating to liability, causation of damages, and extent of damages.

**2.       INFORMAL DISCLOSURES**

Plaintiff has made the initial disclosures required by the Federal Rules of Civil Procedure on March 9, 2020.

Defendant has made the initial disclosures required by the Federal Rules of Civil Procedure on April 16, 2020.

**3.     FORMAL DISCOVERY**

The parties have exchanged written discovery requests. Defendant would like to depose Plaintiff and likely other witnesses to the accident. Following Plaintiff's deposition, if appropriate, Defendant may subpoena additional medical records and/or request an independent medical examination of Plaintiff.

The parties agree that 180 days from the date of the pre-trial conference will be a sufficient amount of time to complete fact discovery. The parties request this lengthy extension as IME physicians have little to no availability as a result of the ongoing Coronavirus pandemic.

**4.     ELECTRONIC DISCOVERY**

As this matter stems from a motor vehicle/pedestrian accident, the parties do not anticipate any issues related to preservation of electronically stored information or e-discovery.

**5.     EXPERT WITNESS DISCLOSURES**

The parties request that their expert disclosures be due at least 30 days after the close of fact discovery; that rebuttal expert disclosures be due 30 days later; and that the parties be allowed at least 30 days after the rebuttal expert disclosures to conduct expert depositions.

**6.     EARLY SETTLEMENT OR RESOLUTION**

The parties agree that a settlement conference before a Magistrate Judge at the close of fact discovery could be helpful. The parties are currently negotiating submitting this matter to ADR.

**7.     TRIAL DATE**

The parties jointly request a date certain for trial, coordinated with all counsel's schedules so as to minimize potential conflicts, to allow them to secure the attendance of necessary witnesses and promote the efficient presentation of their evidence.

**8.     OTHER MATTERS**

Plaintiff's Counsel has filed an Objection to Defendant's Subpoena directed to Psychiatric Intervention Program. Defendant will file a Motion to Strike the Objections.

Respectfully submitted jointly,
**Rosenbaum & Associates, P.C.**


  /s/ Christopher Durso
Christopher Durso, Esquire
*Attorneys for Plaintiff*


**Ryan, Brown, Berger & Gibbons, P.C**


  /s/ Mitchell Berger
Mitchell Berger, Esquire
Robert Dotter, Esquire
*Attorneys for Defendant*